23257. ANDRU, executor, *v.* BERND COMPANY.

STEPHENS, J. 1. An executor de son tort is, as provided in section 3886 of the Civil Code of 1910, one who "without authority of law, wrongfully intermeddles with, or converts to his own use, the personalty of a deceased individual whose estate has no legal representative."

2. Where the plaintiff, as a creditor of an estate, seeks to recover against the defendant as an executor of that estate de son tort, the evidence is insufficient to show a conversion, or a conversion without authority of law, by the defendant of any of the assets of the estate of the deceased, and to authorize the verdict found for the plaintiff, where it appears from the uncontradicted evidence, including the contents of the defendant's plea, which was stricken but was put in evidence, that the defendant, after the death of the deceased, was in charge of the shoe shop which the deceased had operated, and that substantially the entire business of the deceased "was represented by the good-will and machinery installed, which deceased did not own but which was rented . . and that defendant assumed charge of the said business" for the purpose of working out the indebtedness of the deceased to the creditors, where the defendant expressly denies in his plea that he had converted any of the property or the assets of the estate of the deceased, and it appears nowhere from the evidence that the defendant had acquired possession of, or had converted to his own use, any of the assets of the estate of the deceased.

3. The petition wherein it alleges that "there has been no administration on the estate of" the deceased, was subject to demurrer upon the ground that it contained no allegation that the estate had no legal representative. Civil Code (1910), § 3886. The petition otherwise was good against the general and special demurrers. The judge of the superior court erred in not sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 24, 1934. REHEARING DENIED MARCH 3, 1934.

*E. F. Goodrum,* for plaintiff in error.

*Martin, Martin & Snow, M. G. Edwards Jr.,* contra.